UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EDMUND TURNER,

    Petitioner,

        v.                     CAUSE NO. 3:25-CV-672-CCB-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Edmund Turner, a prisoner without a lawyer, filed a habeas petition challenging his parole revocation pursuant to his conviction in the Allen Superior Court under Case No. 02D06-1107-FA-42. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of Turner's claims, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* Notwithstanding Turner's representations to the contrary, Indiana law allows individuals to challenge parole revocation decisions by filing the appropriate petition in the appropriate State court. *See e.g., Harrison v. Knight*, 127 N.E.3d 1269, 1271 (Ind. Ct. App. 2019); *Hardley v. State*, 893 N.E.2d 740, 742-43 (Ind. Ct. App. 2008); *Mills v. State*, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006). Because Turner indicates that he has never challenged his parole revocation in State court, the court finds that he has not exhausted his available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, it appears that the one-year limitations period for federal habeas review began to accrue for the claims on the date of the parole revocation hearing on May 28, 2025. *See* 28 U.S.C. § 2244(d)(1)(D). Given the statutory tolling provided by Section 2244(d)(2), dismissing this case will not effectively end Turner's chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claims in State court. Therefore, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner

must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Turner has exhausted his claims in State court.

For these reasons, the court:

(1) **DISMISSES** without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) **DENIES** Edmund J. Turner a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on August 14, 2025

                                                /s/ *Cristal C. Brisco*
                                                CRISTAL C. BRISCO, JUDGE
                                                UNITED STATES DISTRICT COURT